## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Alan B. Collins,                                    )
                                                    )
      Plaintiff,                             )
                                                    )          Civil Action No. 5:12-2065-RMG
      vs.                                    )
                                                    )
Carolyn W. Colvin, Acting                           )
Commissioner of Social Security,                    )          **ORDER**
                                                    )
      Defendant.                             )
                                                    )
_____ )

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final

decision of the Commissioner of the Social Security Administration denying him Disability

Insurance Benefits under the Social Security Act.  In accord with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial

handling.  The Magistrate Judge issued a Report and Recommendation on November 26, 2013,

recommending that the Commissioner's decision be affirmed.  (Dkt. No. 18).  Plaintiff filed no

objections to the Report and Recommendation of the Magistrate Judge.  After a careful review of

the record, the decision of the Administrative Law Judge ("ALJ"), and the applicable legal

standards, the Court adopts the Report and Recommendation of the Magistrate Judge as the order

of the Court and affirms the decision of the Commissioner.

### Legal Standards

The Magistrate Judge makes only a recommendation to this Court.  The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

## Discussion

Plaintiff's application for disability benefits arose out of traumatic injuries, primarily facial fractures, suffered by the claimant from a fall that reportedly occurred in July 2007 while sleep walking. After undergoing surgery and a period of convalescence, Plaintiff sought to return to his former work as a commercial airline pilot. He underwent a neuropsychological evaluation

on January 11, 2008, conducted by Dr. Fiona Hill, a clinical neuropsychologist, who concluded that he had certain cognitive impairments which were likely related to brain trauma suffered in his fall. Transcript of Record ("Tr.") at 357-58. Dr. Hill recommended that Plaintiff not be allowed to return to flying for a two-year period in accord with standards set by the Federal Aviation Administration. Tr. at 358.

Plaintiff sought and obtained a second evaluation on June 4, 2008, conducted by Dr. Carlos Martinez, again seeking to determine the continuing effects from his July 2007 head injury. Dr. Martinez, an internist, performed a physical examination of Plaintiff and found that there were no limitations "with activities requiring standing, walking, climbing, bending, or carrying heavy objects" or on "sitting or with upper extremities for fine motor activities." Tr. at 363. Dr. Martinez noted, however, the concerns regarding Plaintiff returning to his prior job as a commercial airline pilot because of his head trauma and regarded the patient's future prognosis as "guarded." *Id.*

In April 2008, Plaintiff first applied for disability insurance benefits with the Social Security Administration and has since that time undergone a variety of physical and cognitive evaluations conducted by treating physicians, one-time examiners, and chart reviewers, all focused on the extent of the claimant's ongoing cognitive impairments secondary to his 2007 head injury. All have recognized some cognitive limitations and that Plaintiff also has anxiety, depression, and insomnia likely related to his injuries or subsequent loss of work as a commercial airline pilot. Tr. at 375-87, 391, 397-98, 400, 403-19, 460-65, 478. While there appears to be no substantial dispute that Plaintiff is no longer able to perform his prior work as a commercial airline pilot due to his cognitive deficits, the record contains conflicting opinions regarding the

-3-

degree to which Plaintiff's impairments interfere with his ability to perform other competitive

work. For instance, a treating psychiatrist, Dr. Sarah Book, documented a mostly normal mental

examination, with the patient being "goal directed" with normal speech and "appropriate"

thought content. Tr. at 465. Plaintiff was noted, however, to have a moderate depressive

disorder, anger, anxiety, and alcohol dependence. *Id.* In his last appointment with Dr. Book, he

was documented as making "steady progress." Tr. 461. On the other hand, Dr. Clark Trask, an

internist, submitted an opinion letter on May 6, 2010, after a one-time examination, concluding

that Plaintiff was unable to complete job related tasks for eight hours a day on a continuous basis

because of his impairments. Tr. at 478-79. Additionally, the record includes medical record

reviews by two health care providers who have concluded that Plaintiff's mental impairments

have no more than a moderate impact on his ability to function and are not disabling. Tr. at 375-

76, 385, 387, 403-04, 406, 408, 413, 415.

In what the Court found to be a thoughtful and thorough decision, the Administrative Law

Judge ("ALJ") carefully reviewed the voluminous and conflicting record to determine whether

the claimant satisfied the requirements for disability under the Social Security Act. This

necessarily required the ALJ to address and resolve conflicts in the record. The ALJ found that

Plaintiff has certain severe impairments under the Act, which included right brain trauma and

injury, depression, and anxiety. Tr. at 13. The ALJ further found that Plaintiff's impairments did

not satisfy any Listing and that despite his impairments he still retained the residual functional

capacity to perform light work. Tr. at 14, 16. In the course of analyzing the medical record, the

ALJ noted the rather benign examinations documented in the record, the relative lack of ongoing

medical treatment sought by Plaintiff during the relevant time period, and certain inconsistencies

between the Plaintiff's claimed limitations and the patient history documented by the treating providers. Tr. at 18-21. The ALJ also referenced Plaintiff's ability to manage multiple rental properties in Florida, which appeared inconsistent with his claims of significant limitations in activities of daily living. Tr. at 21.

After thoroughly evaluating and weighing the record evidence and reconciling the opinions in dispute, the ALJ concluded that Plaintiff retained the residual functional capacity to perform light work and that there existed jobs in significant numbers in the national economy which Plaintiff could perform. The duty of the Commissioner is to evaluate and reconcile the record evidence, and the duty of this Court is to determine that the Commissioner has complied with the applicable law and that there is substantial evidence in the record to support her findings and conclusions. It is not the responsibility of this Court to reweigh the evidence or to substitute its findings for those of the Commissioner.

Utilizing those well established standards of review, the Court finds that the Magistrate Judge's Report and Recommendation correctly applies the proper legal standards and appropriately concludes that the decision of the Commissioner should be affirmed. Therefore, the Court adopts the Report and Recommendation of the Magistrate Judge (Dkt. No. 18) as the order of this Court and affirms the decision of the Commissioner.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

December /ℓ, 2013
Charleston, South Carolina

-5-